# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50108
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Buddy Floyd Garmon,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-162-1

————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Buddy Floyd Garmon pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). His predicate felonies include unauthorized use of a motor vehicle, robbery, aiding and abetting the distribution of a controlled substance (cocaine) within 1000 feet of a school, and aggravated assault with a deadly weapon. He argues that the

—————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50108

statute of conviction violates the Commerce Clause and the Second Amendment, both on its face and as applied to him, in light of the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government moves for summary affirmance or, in the alternative, an extension of time to file a brief.

Garmon correctly concedes that each argument is foreclosed. *See United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025); *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). He raises these issues to preserve them for further review. Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.